UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ON BEHALF OF ITS AGENCY, SMALL BUSINESS ADMINISTRATION (SBA), <br><br>   Plaintiff, <br><br>v. <br><br>SNEAKERS JAX BEACH, LLC, A FLORIDA LIMITED LIABILITY COMPANY D/B/A SNEAKERS SPORTS GRILLE; SOUTHSTATE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO CENTERSTATE BANK OF FLORIDA, N.A., AS ASSIGNEE OF FDIC, AS RECEIVER FOR FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE, <br><br>   Defendants. <br>_____/ | CASE NO: |

## COMPLAINT FOR IN REM MORTGAGE FORECLOSURE

The UNITED STATES OF AMERICA ON BEHALF OF ITS AGENCY, SMALL BUSINESS ADMINISTRATION (SBA) (hereinafter "Plaintiff" or "SBA"), through its undersigned counsel, files this complaint to foreclose a leasehold mortgage against the Defendants, SNEAKERS JAX BEACH, LLC, A

1

FLORIDA LIMITED LIABILITY COMPANY D/B/A SNEAKERS SPORTS GRILLE; SOUTHSTATE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO CENTERSTATE BANK OF FLORIDA, N.A., AS ASSIGNEE OF FDIC, AS RECEIVER FOR FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE (hereinafter the "Defendants"), and alleges that:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1345. The United States is Plaintiff and the property that is the subject of this action is situated within the Middle District of Florida. The provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq.*, apply to this action and the debt(s) described herein.

2. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391.

3. This is an in rem action to foreclose a leasehold mortgage on real property located in Duval County, Florida.

4. On or about February 9, 2001, Defendant, SNEAKERS JAX BEACH, LLC, A FLORIDA LIMITED LIABILITY COMPANY D/B/A SNEAKERS SPORTS GRILLE, by and through its Sole Member GREGORY J. PRATT (hereinafter "SNEAKERS JAX BEACH"), executed and delivered a promissory note in the principal amount of $926,000.00 made payable to FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE N/K/A SOUTHSTATE

BANK, NATIONAL ASSOCIATION[1].  A copy of the note is attached hereto as **Exhibit "A."**

5. In order to secure the note, on or about February 9, 2001, Defendant, SNEAKERS JAX BEACH executed and delivered a Leasehold Mortgage and Security Agreement in favor of FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE N/K/A SOUTHSTATE BANK, NATIONAL ASSOCIATION on property located in Duval County, Florida, and legally described as:

> A part of that certain unnumbered block, being bound on the north by Pablo Avenue (an 80 foot right-of-way, closed), bound on the East by North First Street (a 50 foot right-of-way), bound on the South by Beach Boulevard (Mundy Drive per plat, a 100 foot right-of-way) and bound on the West by North Second Street (a 50 foot right-of-way), as shown on the plat of Pablo Beach as recorded in Plat Book 3, page 28 of the current public records of Duval County, Florida, and being more particularly described as follows: for a Point of Reference, commence at the intersection of the North right-of-way line of said Beach Boulevard with the East right-of-way line of said North Second Street; thence North 09º44'20" West, along said East right-of-way line, a distance of 190.00 feet; thence North 80º15'40" East, a distance of 23.00 feet to the Point of Beginning; thence continue North 80º15'40" East, a distance of 277.09 feet to the West right-of-way line of said North First Street; thence South 09º44'20" East, along said West right-of-way, a distance of 180.00 feet; thence South 80º15'40" West, a distance of 134.09 feet; thence North 09º44'20" West, a distance of 33.00 feet; thence South

---

[1] On or about January 27, 2012, FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE was closed by the Florida Office of Financial Regulation, which appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. The FDIC entered into a purchase and assumption agreement with CENTERSTATE BANK OF FLORIDA, NATIONAL ASSOCIATION to assume all of the deposits of FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE and to purchase essentially all of the assets of FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE. On or about November 5, 2021, CENTERSTATE BANK OF FLORIDA, NATIONAL ASSOCIATION changed its name to SOUTHSTATE BANK, NATIONAL ASSOCIATION.

80º15'40" West, a distance of 125.00 feet; thence North 09º44'20" West, a distance of 31.00 feet; thence South 80º15'40" West, a distance of 18.00 feet; thence North 09º44'20" West, a distance of 116.00 feet to the Point of Beginning.

The mortgage was recorded in Official Records **Book 9888 Page 2004** of the Public Records of Duval County, Florida (the "Leasehold Mortgage"). A copy of the Leasehold Mortgage is attached hereto as **Exhibit "B."**

6. The Leasehold Mortgage was modified by a Receipt for Future Advance and Leasehold Mortgage Modification Agreement recorded in Official Records **Book 10109 Page 919** and re-recorded in Official Records **Book 10317 Page 792** of the Public Records of Duval County, Florida. A copy of the Receipt for Future Advance and Leasehold Mortgage Modification Agreement is attached hereto as **Exhibit "C."**

7. On or about February 20, 2001, SNEAKERS JAX BEACH executed a Collateral Assignment of Lease to benefit FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE N/K/A SOUTHSTATE BANK, NATIONAL ASSOCIATION and Plaintiff, recorded in Official Records **Book 9888 Page 1989** of the Public Records of Duval County, Florida. A copy of the Collateral Assignment of Lease is attached hereto as **Exhibit "D."**

8. On or about January 15, 2002, FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE N/K/A SOUTHSTATE BANK,

4

NATIONAL ASSOCIATION, SNEAKERS JAX BEACH, AND BUSINESS DEVELOPMENT CORPORATION OF NORTHEAST FLORIDA, INC. (BDC), entered into an agreement whereby FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE N/K/A SOUTHSTATE BANK, NATIONAL ASSOCIATION assigned its interests in the note, the Leasehold Mortgage and other loan documents to BDC, and the loan amount increased to $971,000.00. The Assignment of Note and Leasehold Mortgage and Modification Agreement, along with the corresponding Renewal Note in the principal amount of $971,000.00 executed by SNEAKERS JAX BEACH was recorded in Official Records **Book 10379 Page 1436** of the Public Records of Duval County, Florida, and is attached hereto as **Exhibit "E."**

9.     SNEAKERS JAX BEACH executed its Renewal Note dated January 15, 2002, in the principal amount of $971,000.00. A copy of the Renewal Note is attached hereto as **Exhibit "F."**

10.     As further security for the Renewal Note, SNEAKERS JAX BEACH executed in favor of BDC its Assignment of Leases, Rents and Profits which was recorded in Official Records **Book 10379, Page 1446** of the Public Records of Duval County, Florida. A copy of said Assignment of Leases, Rents and Profits is attached hereto as **Exhibit "G."**

11. As further security for the Renewal Note, SNEAKERS JAX BEACH executed in favor of BDC its Security Agreement, dated January 15, 2002. A copy of the Security Agreement is attached hereto as **Exhibit "H."**

12. As further security for the Renewal Note, SNEAKERS JAX BEACH executed in favor of BDC and SBA a Collateral Assignment of Lease which was recorded in Official Records **Book 10379 Page 1454** of the Public Records of Duval County, Florida. A copy of the Collateral Assignment of Lease is attached hereto as **Exhibit "I."**

13. BDC assigned its interests in the note, Leasehold Mortgage and other collateral documents to SBA by virtue of:

(a) Assignment of Loan Documents dated January 15, 2002,

(b) Assignment of Assignment of Note and Leasehold Mortgage and Modification Agreement, Assignment of Leases, Rents and Profits and Related Documents, recorded in Official Records **Book 10379 Page 1462** of the Public Records of Duval County, Florida, and

(c) Assignment of Assignment of Note and Leasehold Mortgage and Modification Agreement, Assignment of Leases, Rents and Profits and Related Documents, recorded in Official Records **Book 10458 Page 765** of the Public Records of Duval County, Florida,

the three above documents are collectively referred to as the "Assignment to SBA." Copies of the three documents are attached hereto as **Composite Exhibit "J."**

14. As further security for the Renewal Note, SNEAKERS JAX BEACH executed UCC-1 Financing Statements in favor of the SBA. The first was recorded with the Florida Secretary of State in the Florida Secured Transaction Registry on February 20, 2002, at File No. 200200406297, and the second was recorded on March 4, 2002 in Official Records **Book 10379 Page 1451** of the Public Records of Duval County, Florida. Copies of the recorded UCC-1 Financing Statements are attached hereto as **Composite Exhibit "K."**

15. SBA is the owner and holder of the Renewal Note, the Leasehold Mortgage, Security Agreement, Financing Statements and other loan documents.

16. On January 31, 2012, SNEAKERS JAX BEACH filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Case Number 3:12-bk-00533.

17. On October 9, 2012, the Bankruptcy Court entered an Order Granting Plan Proponent's Motion Pursuant to 11 U.S.C. § 1129(b)(2), setting forth that:

(a) SBA was granted a secured claim in the amount of $646,567.14, to be paid monthly over nine years and three months at 6.06% annual interest rate, beginning December 1, 2012,

(b) two interim payments payable to SBA in the amount of $3,265.00 on October 1, 2012, and November 1, 2012,

(c) payment to SBA in the amount of $53,057.96 representing arrears on or before September 1, 2017, and

(d) beginning on October 1, 2017, in addition to the payments outlined in (a), above, an additional monthly payment to SBA in the amount $551.79 until

March 1, 2022.

A copy of the Order Granting Plan Proponent's Motion Pursuant to 11 U.S.C. § 1129(b)(2) (the "Cramdown Order") is attached hereto as **Exhibit "L."**

18.  On September 25, 2012, the Bankruptcy Court confirmed the modified plan of reorganization of SNEAKERS JAX BEACH by entering an Order Confirming the Modified Plan of Reorganization dated September 3, 2012 (the "Confirmation Order") which provided the same terms in regard to payment to SBA.[2] A copy of the Confirmation Order is attached hereto as **Exhibit "M."**

19.  SNEAKERS JAX BEACH has defaulted under the terms of the Cramdown and Confirmation Orders by failing to make the payments due for December 20, 2013, and all subsequent payments.

20.  SBA is owed the principal sum of $602,724.20, plus accrued interest and all costs and expenses of this action and such other amounts as the United States may be required to expend for the care and preservation of its collateral and its lien thereon.

21.  Demand for payment of the indebtedness has been made upon Defendant SNEAKERS JAX BEACH, which has failed to cure the default under the Loan Documents, and accordingly the United States brings this action for

---

[2] The Cramdown Order provides for payment of arrearages of $53,057.96 to SBA whereas the Confirmation Order provides for $53,047.96 in arrearages. The $10 difference is irrelevant to this proceeding.

8

foreclosure of its leasehold mortgage against the Defendant.

22. Plaintiff hereby declares the full amount payable under the Loan Documents to be immediately due and payable.

23. All conditions precedent to the filing of this action have been met by Plaintiff.

24. By virtue of the Borrower's failure to make payments when due, Plaintiff has been forced to retain the services of the undersigned counsel, and has agreed to pay said attorneys a reasonable fee for their services.

## COUNT I – IN REM MORTGAGE FORECLOSURE

25. Plaintiff re-adopts and re-alleges paragraphs 1 through 24 set forth above.

26. This is an in rem action to foreclose the Leasehold Mortgage, as modified, on real property located in Duval County, Florida.

27. The legal description of the real property sought to be foreclosed is:

A part of that certain unnumbered block, being bound on the north by Pablo Avenue (an 80 foot right-of-way, closed), bound on the East by North First Street (a 50 foot right-of-way), bound on the South by Beach Boulevard (Mundy Drive per plat, a 100 foot right-of-way) and bound on the West by North Second Street (a 50 foot right-of-way), as shown on the plat of Pablo Beach as recorded in Plat Book 3, page 28 of the current public records of Duval County, Florida, and being more particularly described as follows: for a Point of Reference, commence at the intersection of the North right-of-way line of said Beach Boulevard with the East right-of-way line of said North Second Street; thence North 09°44'20" West, along said East right-of-way line, a distance of 190.00 feet; thence North 80°15'40" East, a distance of 23.00 feet to the Point of Beginning; thence continue North 80°15'40" East, a distance of 277.09 feet to the West right-of-way line of said North First

Street; thence South 09º44'20" East, along said West right-of-way, a distance of 180.00 feet; thence South 80º15'40" West, a distance of 134.09 feet; thence North 09º44'20" West, a distance of 33.00 feet; thence South 80º15'40" West, a distance of 125.00 feet; thence North 09º44'20" West, a distance of 31.00 feet; thence South 80º15'40" West, a distance of 18.00 feet; thence North 09º44'20" West, a distance of 116.00 feet to the Point of Beginning.

28. Plaintiff is the real party in interest and is the holder and owner of the Renewal Note and the Leasehold Mortgage herein described.

29. PROPERTY MANAGEMENT SUPPORT, INC., a Florida corporation, as Trustee of BEACH RESTAURANT LAND TRUST u/t/a date January 24, 2000, owns the property.

30. Defendant, SOUTHSTATE BANK, NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO CENTERSTATE BANK OF FLORIDA, N.A., AS ASSIGNEE OF FDIC, AS RECEIVER FOR FIRST GUARANTY BANK AND TRUST COMPANY OF JACKSONVILLE, is named because it may claim some interest in, or lien upon, the subject property arising from the **Mortgage** recorded in Official Records **Book 14092 Page 1216** of the Public Records of Duval County, Florida; the **Leasehold Mortgage and Security Agreement** recorded in Official Records **Book 14172 Page 1698** of the Public Records of Duval County, Florida; the **Assignment of Rents, Leases, and Profits** recorded in Official Records **Book 14172 Page 1710** of the Public Records of Duval County, Florida; the **Mortgage and Note Modification Agreement** recorded in Official Records **Book 15243 Page**

10

**625** of the Public Records of Duval County, Florida; the **Mortgage and Note Modification Agreement** recorded in Official Records **Book 15371 Page 736** of the Public Records of Duval County, Florida; which interests are subordinate and inferior to the interest of Plaintiff's Leasehold Mortgage, as modified.

31. The lien of the Leasehold Mortgage, as modified, is superior to any and all right, title or interest of the Defendants named herein or any person or parties claiming by, through or under them since the institution of this suit.

WHEREFORE, Plaintiff prays as follows:

A. For an accounting of all sums due Plaintiff under the Renewal Note, Leasehold Mortgage, Security Agreement, and Financing Statements, as the foregoing were modified by the Cramdown and Confirmation Orders, and for its costs and expenses herein;

B. For an Order determining or foreclosing any claim of all Defendants to this action and all persons claiming by, through, under or against them;

C. For an Order finding SNEAKERS JAX BEACH liable to Plaintiff for all sums found by the Court to be due Plaintiff and requiring them to pay to Plaintiff, within the time allowed by the Court, all such sums;

D. For an Order declaring that, in default of such payment, the property described in **Exhibit "B"** be sold under Order of the Court, in bar of all right, title, interest, estate, claim, demand or equity of redemption of Defendants and all persons

11

claiming by, through, under or against them since the filing of the Notice of Lis Pendens;

  E. That unless the amount found due to the United States be paid within the period determined by the court, the property be sold to satisfy the amounts found to be due the United States;

  F. That the United States Marshal, in his discretion, be authorized to conduct such sale or sales or to employ an auctioneer to conduct such sale or sales;

  G. That SBA can bid for such mortgaged property, or any part of it, at the sale and purchase and pay for it with the indebtedness found to be due the United States, or any part of it, the indebtedness to be credited with the amount bid by SBA;

  H. That upon the sale of the mortgaged property, a Marshal's certificate of sale or deed, as applicable, be issued according to law to the purchaser at the sale;

  I. That the defendants be enjoined from committing waste upon the premises or doing any other act that may impair the value of it at any time during the pendency of these proceedings;

  J. That this Court grant any and all additional relief as the Court may deem just, necessary and proper under the circumstances, including declaratory and injunctive relief.

Dated this  22nd day of  August, 2025.

>**Kelley Kronenberg**
>*Attorneys for Plaintiff*
>10360 West State Road 84
>Fort Lauderdale, FL 33324
>Phone:        (954) 370-9970
>Service e-mail:
>ftlrealprop@kelleykronenberg.com
>Attorney e-mail:
>jdsilver@kelleykronenberg.com
>
>By:     */s/ Jason D. Silver*
>           JASON D. SILVER, ESQUIRE
>           Florida Bar No.:  92547