**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No.: 3:25-cv-959-WWB-SJH

SNEAKERS JAX BEACH, LLC and
SOUTHSTATE BANK, NATIONAL
ASSOCIATION,

        Defendants.

_____/

**<u>ORDER</u>**

THIS CAUSE is before the Court on Defendant Sneakers Jax Beach, LLC's Motion to Dismiss Complaint or in the Alternative, Motion for More Definite Statement ("**Motion to Dismiss**," Doc. 24)[1] and Plaintiff's Response in Opposition (Doc. 35). For the reasons set forth below, Defendant's Motion will be denied.

**I.      BACKGROUND**

The United States of America, on behalf of the Small Business Administration ("**SBA**"), brings this action to foreclose a leasehold mortgage against Defendants Sneakers Jax Beach, LLC ("**Sneakers**"), and SouthState Bank, National Association ("**SouthState**"). (*See generally* Doc. 1). On February 9, 2001, Sneakers executed a promissory note to the predecessor of SouthState for $926,000. (*Id.* ¶ 4). As security, Sneakers also executed a Leasehold Mortgage and Security Agreement for certain

---

[1] Defendant's Motion fails to comply with this Court's January 13, 2021 Standing Order. In the interests of justice, the Court will consider the Motion, but any further failures to comply with all applicable rules and orders of this Court, including the Standing Order, may result in the striking or denial of filings without notice or leave to refile.

property located in Duval County, which was later modified. (*Id.* ¶¶ 5, 6). Shortly thereafter, Sneakers also executed a Collateral Assignment of Lease to benefit SouthState. (*Id.* ¶ 7).

On January 15, 2002, SouthState and Sneakers entered into an agreement with Business Development Corporation of Northeast Florida, Inc. ("**BDC**") to assign the rights of SouthState to BDC and increase the loan amount to $971,000. (*Id.* ¶¶ 8–9). As further security, Sneakers also executed an assignment of leases, rents, and profits in favor of BDC, a security agreement, and a collateral assignment of lease. (*Id.* ¶¶ 10–12). BDC assigned its interests in these documents to the SBA. (*Id.* ¶ 13). After the assignment, Sneakers executed UCC-1 Financing Statements in favor of the SBA. (*Id.* ¶ 14).

On January 31, 2012, Sneakers filed for bankruptcy under Chapter 11. (*Id.* ¶ 16). A payment plan was ordered in favor of the SBA and the Bankruptcy Court entered an order confirming the modified plan of reorganization on September 3, 2012. (*Id.* ¶¶ 17–18). The United States alleges that Sneakers subsequently defaulted on the terms of the payment plan and owes $602,724.20 plus interest and costs and expenses related to bringing this action. (*Id.* ¶¶ 19–20). As a result, the United States brings one count for *in rem* mortgage foreclosure. (*See generally id.*).

## II.    LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual

2

allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "'[I]n the federal system, . . . motions for a more definite statement are not favored'" and "should rarely be granted."  *Foster v. Dead River Causeway, LLC*, No. 6:14-cv-688-Orl, 2014 WL 4059899, at *2 n.2 (M.D. Fla. Aug. 15, 2014) (quoting *Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000)).  "A motion for a more definite statement will only be required when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (quotation omitted).

## III.     DISCUSSION

First, Sneakers argues that the Complaint should be dismissed because the United States failed to allege that it provided the contractually required acceleration notice prior to filing suit.   Specifically, Sneakers argues that paragraph 21, which provides that "[d]emand for payment of the indebtedness has been made upon [Sneakers], which has failed to cure the default under the Loan Documents," (Doc. 1, ¶ 21), fails to adequately allege that such notice was an acceleration notice or that it was sent more than thirty days prior to the filing of this lawsuit.   Sneakers' argument, however, ignores paragraph 23, which states that "[a]ll conditions precedent to the filing of this action have been met by Plaintiff."  (*Id.* ¶ 23).  "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P. 9(c).  Under the applicable pleading standards, and assuming that such notice was required in this case, the Government's general averments regarding notice and compliance with conditions precedent are sufficient.  Sneakers' argument is premature at this stage of the proceeding.  *See Johnson v. Specialized Loan Servicing, LLC*, No. 3:16-cv-178-J, 2017 WL 8314654, at *3 (M.D. Fla. Jan. 17, 2017) (citing *Dyck-O'Neal, Inc. v. England*, No. 2:15-cv-27-FtM, 2015 WL 1911268, at *3–4 (M.D. Fla. Apr. 27, 2015)); *Nat'l Credit Union Admin. Bd. v. Nadlan Corteen Place Apartments, LLC*, No. 6:13-cv-673, 2013 WL 2903280, at *3 (M.D. Fla. June 13, 2013).

In the alternative, Sneakers argues that the United States should be required to provide a more definite statement because the Complaint lacks allegations regarding the total amount owed and the acceleration notice.  With respect to the sum due, the Complaint alleges that "SBA is owed the principal sum of $602,724.20, plus accrued

interest and all costs and expenses of this action and such other amounts as the United States may be required to expend for the care and preservation of its collateral and its lien thereon." (Doc. 1, ¶ 20). Additionally, the Bankruptcy Court's Confirmation Order (Doc. 1-14), which is attached to and incorporated into the Complaint, sets forth an amortization table regarding the debt. (*Id.* at 19–21). Thus, it is unclear what more Sneakers is seeking to be alleged. Additionally, as set forth above, the allegations regarding any required pre-suit notice have been adequately alleged. Instead, any purported deficiencies point not at ambiguities in the Complaint but seek additional information about the claims and possible defenses that might be raised thereto. Nothing in the Complaint is so vague or ambiguous as to necessitate a more definite statement and Rule 12(e) is not a substitute for discovery. *See Jolly v. Hoegh Autoliners Shipping AS*, 546 F. Supp. 3d 1105, 1119 (M.D. Fla. 2021); *G.H. ex rel. Henry v. Marstiller*, 424 F. Supp. 3d 1109, 1120–21 (N.D. Fla. 2019). Therefore, Sneakers' request for a more definite statement will be denied.

## IV.    CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Defendant Sneakers Jax Beach, LLC's Motion to Dismiss Complaint or in the Alternative, Motion for More Definite Statement (Doc. 24) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on March 31, 2026.

Copies furnished to:

Counsel of Record

5